UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALL-STAR MARKETING GROUP, LLC,          :
MERCHANT MEDIA, LLC & EDISON            :
NATION, LLC,                            :
                                        :
                    Plaintiffs,         :        10 Civ. 1764 (RMB) (AJP)
                                        :
        -against-                       :        **ORDER**
                                        :
MEDIA BRANDS CO., LTD. & SAONJAY        :
MIRPUR,                                 :
                                        :
                    Defendants.         :
-------------------------------------------------------------X

I.      **Background**

        On March 19, 2010, All-Star Marketing Group, LLC, Merchant Media, LLC

("Merchant"), and Edison Nation, LLC (collectively, "Plaintiffs") filed an amended complaint

("Amended Complaint") against Media Brands Co., Ltd. ("Media Brands") and Saonjay Mirpur

("Mirpur," and collectively, "Defendants") alleging, among other things, trademark infringement

under 16 U.S.C. § 1114, and copyright infringement under 17 U.S.C. §§ 101, et seq.  (See Am.

Compl. ¶¶ 1, 114–22, 216–22.)  Plaintiffs, who are all producers of various consumer products

(such as "Bumpits" and "The Snuggie"), seek statutory damages for Defendants' alleged

infringement of Plaintiffs' rights in eight trademarks registered with the United States Patent and

Trademark Office.[1]  (See Suppl. Decl. of Sarah B. Yousuf in Supp. of Mot. for Default J., dated

Aug. 6, 2010 ("Yousuf Decl."), at 2; Am. Compl. ¶ 73.)  Plaintiffs also seek statutory damages

for Defendants' alleged infringement of Plaintiffs' registered copyright in the "TOUCH N

---

[1]      Plaintiffs' eight registered trademarks include:  Emery Cat (Am. Compl. ¶¶ 15, 20 & Ex.
B); Mister Steamy (Am. Compl. ¶¶ 24, 27–29 & Ex. D); Touch N Brush (Am. Compl. ¶¶ 33, 35–
37 & Ex. F); Snuggie (Am. Compl. ¶¶ 48–50 & Ex. J); Perfect Brownie (Am. Compl. ¶¶ 54–56
& Ex. K); Bumpits (Am. Compl. ¶¶ 60–62 & Ex. L); Topsy Turvy (Am. Compl. ¶¶ 68–70 & Ex.
M); and Strap Perfect (Am. Compl. ¶¶ 76–77).

BRUSH" website, through which Merchant sells and distributes its "Touch N Brush" toothpaste dispenser.  (See Am. Compl. ¶ 38 & Exs. G–H.)

Both Defendants failed to answer the Amended Complaint and, despite advance notice, failed to appear at a scheduled conference before the Court on April 1, 2010.  As a result, on May 17, 2010, Plaintiffs moved for default judgment against Defendants by way of an order to show cause ("Order to Show Cause").  (See Order to Show Cause, dated May 17, 2010.)  On July 14, 2010, the Court entered default judgment against Defendants (who had failed to respond to the Order to Show Cause) and "permanently enjoined and restrained [Defendants] from . . . [m]aking, using or selling any products that infringe" Plaintiffs' patents, trademarks, and copyrighted images.  (Default J. Order, dated July 14, 2010, at 1–3.)

On July 19, 2010, the Court referred the matter to United States Magistrate Judge Andrew J. Peck to determine Plaintiffs' damages.  (See Order of Reference, dated July 19, 2010.)  On July 21, 2010, Judge Peck advised the parties that a damages inquest would be held by affidavit.  (See Order, dated July 21, 2010.)  Plaintiffs filed a declaration, dated August 6, 2010, seeking damages in the amount of $498,684.64, including attorneys' fees and costs.  (See Yousuf Decl. ¶ 4.)

On or about August 30, 2010, Defendant Saonjay Mirpur submitted an opposition ("Opposition") pro se and also purporting to be submitted on behalf of Media Brands.  (See Def. Opp'n to Suppl. Decl. of Pl. in Supp. of Mot. to Default J., dated Aug. 30, 2010.)  Judge Peck accepted the Opposition only as to Mirpur individually.  (Order, dated Sept. 7, 2010, at 1.)  Judge Peck determined that "[a] corporation, such as [Media Brands] cannot appear in court (or file papers) except through an attorney."  (Id.)  Judge Peck also "strongly advise[d] Defendants to retain counsel."  (Id.)  Media Brands failed to appear by counsel (or to have counsel submit a

written opposition to Plaintiffs' application for damages).  (See Report & Recommendation, dated Nov. 5, 2010 ("Report"), at 2.)

On November 5, 2010, Judge Peck issued a thoughtful and comprehensive Report and Recommendation ("Report") recommending an "award [to] [P]laintiffs [of] $337,000 in statutory damages for trademark and copyright infringement and attorneys' fees."  (Report at 2.)  Judge Peck also stated that the permanent injunction against Defendants entered by the Court "is appropriate in scope and should not be modified."  (Report at 3.)

Judge Peck notified the parties that they could file written objections to the Report within fourteen days of November 5, 2010 pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (Report at 25.)  Defendants failed to file timely objections but by letter, dated December 2, 2010, Defendants, represented by Douglas A. Miro, requested an extension of time to respond to the Report because "neither . . . Mirpur, nor any other representative of Media Brands saw a copy of the [R]eport until after November 23, 2010." (Def. Ltr., dated Dec. 2, 2010, at 2.)  By letter, dated December 9, 2010, Plaintiffs asked the Court to deny Defendants' extension request.  (See Pl. Ltr., dated Dec. 9, 2010.)  By memorandum endorsement, dated December 13, 2010, the Court extended Defendants' time to serve and file objections to the Report until December 20, 2010.  (See Ltr. Endorsement, dated Dec. 13, 2010.)  To date, Defendants have not filed any objections to the Report, nor have Plaintiffs.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.    Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous.  See Fed. R. Civ. P. 72(b); Deleon v.

Strack, 234 F.3d 84, 86–87 (2d Cir. 2000).  A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Deleon, 234 F.3d at 86–87.

## III.   Analysis

The facts as set forth in the Report are incorporated herein unless otherwise noted.

The Court has conducted a review of the Report and applicable legal authorities and finds "no clear error on the face of the record," Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); see Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991), and no basis to depart from the Report's recommendations.

### Damages

Judge Peck awarded Plaintiffs $50,000 in statutory damages for each of the Emery Cat, Mister Steamy, Touch N Brush, The Snuggie, and Bumpits trademarks because, among other reasons, "the [A]mended [C]omplaint alleges Defendants have willfully continued their course of wrongful conduct after being put on notice of Plaintiffs' claims regarding infringement" of those trademarks.  (Report at 13–14 (internal citations omitted)); see also Chloe v. Zarafshan, 06 Civ. 3140, 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009); Malletier v. Carduci Leather Fashions, Inc., 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009).  Judge Peck awarded $25,000 for each of the Topsy Turvy and Strap Perfect trademarks because, among other reasons, the Amended Complaint does not allege that Defendants continued infringing these trademarks after receiving notice of Plaintiffs' claims.  (Report at 14.)

Judge Peck declined to award statutory damages for the Perfect Brownie trademark because "the Amended Complaint [does] not contain a trademark infringement cause of action

for Perfect Brownie." (Report at 6 (citing <u>DLJ Mortg. Capital, Inc. v. E. Am. Mortg. Co.</u>, 07 Civ. 7933, 2009 WL 1835025, at *3 (S.D.N.Y. June 24, 2009)).)

Judge Peck also found that an award of statutory damages of $25,000 for Defendants' infringement of Plaintiffs' TOUCH N BRUSH website was appropriate for it "will impress upon [Defendants] that there are consequences for [their] misconduct" and "serve as a specific deterrent to [Defendants] and as a general deterrent to others who might contemplate engaging in infringing behavior in the future." (Report at 17 (quoting <u>Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc.</u>, 03 Civ. 2132, 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006)) (internal quotation marks omitted).)

**Attorneys' Fees and Costs**

Judge Peck awarded Plaintiffs $12,000 in attorneys' fees to "compensate [P]laintiffs for the costs they incurred." (Report at 24.) He did not award Plaintiffs $15,435, as they requested, because Plaintiffs' documentation of legal services "are vague and . . . reflect work done at an attorney rate that could and should have been done by a paralegal or secretary." (<u>Id.</u>)

**IV.   Conclusion and Order**

For the reasons stated herein and therein, the Court adopts Judge Peck's Report [#30] in its entirety. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiffs and against Defendants in the amount of $325,000 for trademark and copyright damages and $12,000 in attorneys' fees and costs, for a total of $337,000. The Clerk of Court is respectfully directed to close this case.

Dated: New York, New York
        January 3, 2011

_____
**RICHARD M. BERMAN, U.S.D.J.**
